Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONNA BURTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Smart Living Company and EMerchantclub, LLC and DOES 1-10,<br><br>Defendant(s). | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff DONNA BURTON ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following against Defendants Smart Living Company and EMerchantClub, LLC upon information and belief based upon personal knowledge:

**INTRODUCTION**

1.  Plaintiff's Class Action Complaint is brought pursuant to the

Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2. Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis after clear revocation of any authorization or similar authentication for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Regulation E, 12 C.F.R. § 205.10(c)(1).

3. Such conduct is inherently deceptive in that it misrepresents to consumers the price of Defendants' services and the consumers' rights regarding those services and misleads the average consumer.

4. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

6. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

7. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiff resides within this District and Defendant does or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff, Donna Burton ("PLAINTIFF"), is a natural person residing

in Mendocino County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a(6).

9. At all relevant times herein, DEFENDANTS, Smart Living Company and EMerchantclub LLC ("DEFENDANTS"), were companies engaged in the business of providing website hosting services.

10. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

11. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### FACTUAL ALLEGATIONS - EFTA

12. Beginning in or around 2008, Plaintiff signed up for website hosting services sold and managed by Defendants. For consideration for the website hosting services, Plaintiff paid approximately $29.99 every month and with yearly upgrades of $199.99. Defendant would deduct these sums on a reoccurring basis from Plaintiff's account.

13. In or around March of 2016, Plaintiff informed Defendants that she

no longer wished to pay for the yearly upgrades of $199.99. Plaintiff sent multiple email to Defendant clearly revoking any consent or authorization from Defendant to deduct these funds.

14. However, despite Plaintiff's clear revocation of authorization, Defendants continued to deduct funds from Plaintiff's account on a reoccurring basis without Plaintiff's consent or authorization.

15. Defendants recorded that Plaintiff canceled its membership and authorization to deduct funds from her account.

16. Defendants had knowledge that Plaintiff revoked authorization in writing on multiple occasions and had no intention of honoring that revocation.

17. Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. § 205.10(c)(1).

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:
> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants after Defendants recorded a cancellation request for a monthly membership, between one year from the filing of this complaint and the present.

19. Plaintiff represents, and is a member of, The Class, consisting all persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants after Defendants recorded a cancellation request for a monthly membership, between one year from the filing of this complaint and the present.

20. Defendants, their employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe the Class

members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

21. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds, if not thousands, of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

22. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

23. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

a. Whether the members of the Class' bank accounts were debited on a reoccurring basis by Defendants on or after Defendants recorded a cancellation request for a monthly membership within one year of the filling of this Complaint to the present; and,

b. Whether Defendants requested written confirmation of the cancelation and refused to honor an oral cancellation of an EFT, as is permitted under 12 CFR 205.10(c)(1).t.

24. As someone whose bank accounts was debited on a reoccurring basis by Defendants, Plaintiff is asserting claims that are typical of The Class.

25. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class

actions.

26. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

27. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

28. Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

29. Defendants failed to comply with the requirements of the EFTA, 15 U.S.C. § 1693e(a) and Regulation E, 12 C.F.R. § 205.10(c)(1) as to the Class members with respect to the above alleged transactions.

30. The EFTA, 15 U.S.C. §1693e(a), provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer."

31. Section 205.10(c)(1) of Regulation E provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer.""

32. In multiple instances, Defendants debited bank accounts of the Class members on a recurring basis after the consumer requested to stop payments of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer in violation of the EFTA, 15 U.S.C. § 1693e(a) and Regulation E, 12 C.F.R. § 205.10(c)(1).

33. The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

## COUNT I:
## DEFENDANTS VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT
**(On Behalf of Plaintiff and the Class)**

34. Plaintiff reincorporates by reference all of the preceding paragraphs.

35. The EFTA, 15 U.S.C. §1693e(a), provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer."

36. Section 205.10(c)(1) of Regulation E provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer.""

37. In multiple instances, Defendants debited bank accounts of the Class members on a recurring basis after the consumer requested to stop payments of

a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer in violation of the EFTA, 15 U.S.C. § 1693e(a) and Regulation E, 12 C.F.R. § 205.10(c)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DONNA BURTON, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, Smart Living Company, for the following:

(a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

(a) An order certifying the undersigned counsel as Class Counsel;

(b) An order requiring Defendants, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(c) Restitution for the monies spent by Plaintiff and Class members on the Class Products;

(d) An order requiring Defendants to engage in corrective advertising regarding the conduct discussed above;

(e) Actual damages suffered by Plaintiff and Class Members as applicable from the sale of misbranded Class Products during the relevant class period;

(f) Punitive damages, as allowable, in an amount determined by the Court or jury;

(g) Any and all statutory enhanced damages;

(h) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i) Pre- and post-judgment interest; and

(j) All other relief, general or special, legal and equitable, to which

Plaintiff and Class Members may be justly entitled as deemed by the Court.

## **TRIAL BY JURY**

38. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 13th day of February, 2017.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff